Compier

FILED
SUPERIOR COURT
OF GUAM

200? JUN 19 PM 2: 57

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SECHONG SHIN,<br><br>　　　　Defendant. | ) CRIMINAL CASE NO. CF199-07<br>)<br>)<br>)<br>) FINDINGS OF FACT AND<br>) CONCLUSIONS OF LAW<br>) (Restitution)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on December 5, 2008, for a restitution hearing. Attorney Louie J. Yanza represented defendant Sechong Shin ("Defendant"). Attorney Suzanne Horrigan represented the People of Guam ("the People"). Attorney William Gavras represented Sam Hwan Kim ("Victim"). Now, taking all evidence and arguments into consideration, the Court issues its findings and conclusions.

## FINDINGS OF FACT

By preponderance of the evidence, the Court makes the following findings of fact:

1. That on March 31, 2008, Defendant pled guilty to the offense of Assault (As a Misdemeanor), as a lesser-included offense of Aggravated Assault (As a 3rd Degree Felony), in violation of 9 G.C.A. §§ 19.30(a)(1) and (e). Sentencing was held on August 1, 2008.

Defendant was ordered to pay restitution to the victim as a condition of his plea. Judgment Aug 12, 2008. At the restitution hearing scheduled on October 31, 2008, Defendant's counsel requested an extension pending receipt of additional information on restitution report.

2. That at the restitution hearing on December 5, 2008, Sam Hwan Kim ("Victim") testified that Defendant hit him with a shot glass resulting in injuries and a scar. Restitution Hearing at 1:44 p.m. (December 5, 2008).

3. That Victim also testified that he still experiences discomfort when opening and closing his left eye. Id. at 1:50 p.m.

4. That Victim testified that he desires to remove the scar. Id. at 1:47 p.m.

5. That Victim testified that he is employed with a tour company and has lost approximately 30% of his customers due to his visible scar. Id. at 1:50 p.m.

6. That Victim also testified that his salary has diminished as a result of fewer customers. Id. at 1:51 p.m.

7. That Victim testified that he received medical consultation relative to scar removal. Id. at 1:48. A price estimate of $2,500.00 was provided by Hafa Adai Specialist Group wherein $1,300 is delineated for adjacent tissue transfer and $1,200.00 for facility fee. Informational Report at Hafa Adai Specialist Group Attachment (October 30, 2008).

8. That Victim testified that he does not have insurance. Restitution Hearing at 1:48 p.m. (December 5, 2008).

## CONCLUSIONS OF LAW

The People argued that it is appropriate to order the Defendant to pay restitution in the amount of $2,500.00 for loss incurred to the Victim as a direct result of Defendant's offense. Defendant argued that the Victim's desire to have scar removed is considered elective surgery

not yet performed. Defendant later conceded to the Court that restitution would be acceptable subsequent to Victim's scar removal procedure.

Restitution is authorized pursuant to 9 G.C.A. §80.10(a). A defendant may be ordered to pay restitution not to exceed the victim's loss as a result of pleading guilty to a misdemeanor in accordance with 9 G.C.A. §80.50. The purpose of restitution is to restore the victim to the position he would have had absent the Defendant's offense. U.S. v. Gordon, 393 F.3d 1044, 1053 (9th Cir. 2004). Restitution is proper for losses directly resulting from the defendant's offense. U.S. v. Tyler, 767 F.2d 1350, 1351 (9th Cir. 1985).

In People v. Mallo, Defendant argued that the court should strike the restitution award as excessive since 9 G.C.A. § 80.50 (a) limits the amount of restitution to $10,000.00 when the conviction is of a felony of the first degree. "However, when the statute is read in its entirety, one discovers that subsection (e) allows for a higher amount to be assessed . . . [a]ny *higher* amount equal to double the pecuniary gain to the offender or loss to the victim caused by the conduct constituting the offense by the offender. In such case the court shall make a finding as to the amount of the gain or loss, and if the record does not contain sufficient evidence to support such a finding the court may conduct a hearing upon the issue." 2008 Guam 23, ¶ 40 (citing 9 G.C.A. § 80.50(e)).

"The use of the word 'higher' in [9 G.C.A. §] 80.50 (e) is comparative. The 'amount' modified by the word 'higher' must be greater than something else, and the only intelligible reading of the statute is that this amount is to be higher than the $10,000 limit in . . . [9 G.C.A. §] 80.50(a). If the first sub-section controlled and a first or second degree felony offender's restitution was capped at $10,000, then . . . [9 G.C.A. §] 80.50(e) would be useless, irrelevant,

and vitiated. This suggests that restitution awards in excess of $10,000 are allowed under 9 GCA § 80.50 (e)." Id. at ¶ 41.

In the instant case, the Defendant pled guilty to a misdemeanor. A person who has been convicted of an offense may be sentenced to pay a fine or to make a restitution not exceeding: (c) One Thousand Dollars ($1,000.00), when the conviction is of a misdemeanor. 9 G.C.A. § 80.50 (c). However, like the restitution ordered in Mallo, Defendant in the case at bar can be ordered to make restitution for a higher amount pursuant to 9 G.C.A. § 80.50 (e).

The Court determines that the Victim's scar is a result of the Defendant's offense and restitution is applicable. Therefore, Victim is entitled to restitution in the amount of $2,500.00.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court ORDERS the Defendant to pay restitution in the amount of $2,500.00 to Sam Hwan Kim for his loss incurred as a result of Defendant's offense.

**SO ORDERED** this ___19___ day of ___June___ 2009.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

JUN 1 9 2009